Colcock, J.
This cannot be distinguished from the case of Primrose, vs. Becket and Wilkins, decided at our last sitting. The judgment was signed on the 14th Nov. 3822, and the last execution was lodged on the 18th Feb’ry, 1826; which was more than three years, and consequently not within the provision oftheactof 1816. But it is contended that the last execution was a continuation of the preceeding execution. This cannot be, for that was never returned, and no subsequent execution can issue until the preceeding one be regularly returned, except where a ji.fa. and ca. sa. are taken out together, and then both must be returned before another can issue. In the course of the argument, it seemed to be insinuated that the test was to be considered as the time of issuing the execution. But if it was so intended, it is certainly a mistake. There is an obvious difference between the test and the suing out of the writ as it is expressed. In 1 Sellon’s Practice, page 514, it is said, execution ought to be sued out within a year and a day after the judgment, be from the time of the *562 the year to be reckoned by calender months, and not by the terms. (Strange 301.) And in page 520 of Sellon it is said, ifa capias satisfaciendum, or fieri facias be issued out of term, let the test be the last day of the term; if issued in term, test the writ the first day of the term, although the judgmentisnot signed until four days after. And in page 515, it is obsevered that the execution need not be actually executed within the year and day; for if the ji. ja. ca. sa. or elegit be but sued out and returned within the year, continuances may be entered on the roll, from term to term, to the time of the execution, which may be at any time after the year, and as good as if judgment bad been revived by jieri facias. The writ in such case must be returned, and filed, for the mere suing it out and continuing it on the roll, will not be sufiicient. One sort of writ sued out and returned will support the awarding of a different kind of writ afterwards. Thus a ca. sa. may issue after the year upon a ji. fa. having been properly-sued out, returned and continued. (2 Bacon 730, Tit. Exon.)
In this case it is not even certain that the second execution was a proper continuation of the first; for it is not stated when it issued, though it is presumable that it was.. At all events, the third is not supported by the second. The-execution is not, therefore, within the rules of the commoa. law, nor the provisions of the statute, and was therefore properly set aside-
The motion is dismissed.
Miller for the motion,
William Jtiayrant, contra.